IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.

JAVAUGHAN PARKER,

        Defendant.

08-CR-254-S

## PLEA AGREEMENT

The defendant, JAVAUGHAN PARKER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment which charges a violation of Title 21, United States Code, Section 846 (conspiracy to distribute 5 grams or more of cocaine base, oxycodone, fentanyl, methadone and hydrocodone) for which the maximum possible sentence is a term of imprisonment of at least 5 years and up to 40 years, a fine of $2,000,000, a mandatory $100 special assessment and a term of supervised release of at least 4 years and up to life. The defendant understands that the penalties set forth in this

paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to **3** years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that an agreement existed between two or more persons to commit a controlled substance felony offense, that the defendant knew of the existence of the agreement, that the defendant intended to participate in the unlawful agreement and that at least 5 grams of

a mixture or substance containing cocaine base was reasonably foreseeable to the defendant as being within the scope of the agreement.

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

      a.    Between in or about 2001 and in or about October 2008, in the Buffalo, New York area in the Western District of New York, the defendant agreed with others to possess with intent to distribute and to distribute quantities of cocaine base, oxycodone, fentanyl, and methadone, Schedule II controlled substances, and quantities of hydrocodone, a Schedule III controlled substances.  Specifically during this time period, the defendant acquired quantities of these controlled substances from various persons and them sold the controlled substances to other persons.  The persons to whom the defendant sold the controlled substances both consumed a portion of the controlled substances and redistributed a portion of the controlled substances to other persons.  The defendant also agrees that during the conspiracy, he sold at least 5 grams of cocaine base.

      b.    The equivalent of at least 60 grams but less than 104 grams of actual oxycodone (the equivalent under the Sentencing Guidelines of at least 400 kilograms but less than 700 kilograms of marijuana), is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the superseding indictment which could be readily proven by the government against the defendant.

### III.   <u>SENTENCING GUIDELINES</u>

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6.   The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(6) apply to the offense of conviction and provides for a base offense level of **28**.

7.   The government and the defendant agree that the following specific offense characteristic does apply:

    a.   the two (2) level increase pursuant to Guidelines § 2D1.1(b)(1) (possession of dangerous weapon).

8.   The government and the defendant agree that the following adjustment to the base offense level does apply:

    a.   The two (2) level upward adjustment of Guidelines § 3C1.1 (obstruction of justice).

9.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **32**.

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 29.

11. It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

12. It is the understanding of the government and the defendant that, with a total offense level of 29 and criminal history category of III, the defendant's sentencing range would be a term of imprisonment of 108 to 135 months, a fine of $15,000 to $2,000,000, and a period of supervised release of 4 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

-5-

13.   Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a **120** month term of imprisonment, as part of the appropriate sentence in this case.   If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.   This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

14.   The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.   A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.   A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15.    The defendant understands that, except as set forth in ¶ 13, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   <u>STATUTE OF LIMITATIONS</u>

16.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances or possession of firearms, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   <u>GOVERNMENT RIGHTS AND RESERVATIONS</u>

17.   The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement;

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

18.   At sentencing, the government will move to dismiss the open counts of the Superseding Indictment in this action.

19.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States

Attorney's Office for use in the collection of any unpaid financial obligation.

20.   The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government.   As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VI.   APPEAL RIGHTS

21.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **12**, above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

## VII.   <u>FORFEITURE/DISPOSAL PROVISIONS<br>FIREARMS AND AMMUNITION</u>

24.   The defendant agrees to surrender all of his right, title, and interest in the firearms described below and agrees that the firearms constitute a nuisance as provided for in New York Penal Law § 400.05 and hereby abandons all such properties to the appropriate agency having custody of same.  The properties are described as follows:

-10-

a. a Mossberg 12 gauge shotgun, serial number K425686, seized on or about January 21, 2008; and

b. a Hi-Point 9mm rifle, serial number A56941, seized on or about January 21, 2008.


25.   The defendant also acknowledges that the following properties have been or will be subject to administrative forfeiture or abandonment proceedings for the following properties:

c. rounds of 12 gauge ammunition, rounds of 9mm ammunition, rounds of .22 caliber ammunition, and a round of .380 caliber ammunition seized on or about January 21, 2008; and

d. a Remington 12 gauge shotgun, serial number S637776V seized on or about January 7, 2009; and

e. a Interarms/Overland 20 gauge shotgun, serial number T158637 seized on or about January 7, 2009; and

f. a Rossi .22 caliber rifle, serial number G56629 seized on or about January 7, 2009; and

g. rounds of .22 caliber ammunition, 20 gauge ammunition, 12 gauge ammunition, .38 caliber ammunition and 5.62 mm gauge ammunition seized on or about January 7, 2009.


26.   The defendant agrees not to contest the administrative forfeiture or abandonment proceedings in any way and to execute any documents the government deems appropriate.


27.   The defendant agrees that the above-described properties are also subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time

restrictions and notice provisions with respect to the final disposition or forfeiture of the above properties.  The defendant further agrees to the destruction of the firearms and ammunition described above.

28.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearms and ammunition survive and shall be given full force and effect.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

29.  This plea agreement represents the total agreement between the defendant, JAVAUGHAN PARKER, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
JOSEPH M. GUERRA, III
Assistant U.S. Attorney

Dated: August 4 , 2010

-12-

I have read this agreement, which consists of 13 pages.  I have had a full opportunity to discuss this agreement with my attorney, George Sallaway, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

JAVAUGHAN PARKER
Defendant

GEORGE SALLAWAY, ESQ.
Attorney for the Defendant

Dated: August ____, 2010

Dated:  August ____, 2010