IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                         08-CR-254-S

JAVAUGHAN PARKER,

            Defendant.
_____


**RESPONSE TO DEFENDANT'S POSITION REGARDING SENTENCING**
(Docket Item 68)


      The government, for its response to the defendant's position regarding sentencing states as follows:

      1.  Pursuant to the defendant's plea agreement (¶12), it was the understanding of the parties that the defendant's sentencing range for imprisonment would be 108 to 135 months.  This calculation of the defendant's sentencing range was adopted by the presentence report (PSR ¶41).

      2.  As the Court is aware, pursuant to ¶13 of the defendant's plea agreement, the parties agreed, pursuant to Rule 11(c)(1)(C), that a term of imprisonment of 120 months is the appropriate term of imprisonment in this action.  As further set

forth in ¶13, should the Court not impose a term of imprisonment of 120 months, the parties will be relieved of their other obligations under the plea agreement. Among the obligations of the government from which it would be relieved is its commitment, as set forth in ¶18 of the plea agreement, to dismiss the open counts of the Superseding Indictment in this action. Among the counts the government has agreed to dismiss at sentencing would be the violation of 18 U.S.C. §924(c)(1), alleged in Count 8 of the Superseding Indictment. Upon conviction of this violation, the defendant would be subject to a mandatory minimum, and consecutive, term of imprisonment of at least 5 years and up to life.

3. Pursuant to ¶14 of the defendant's plea agreement, the parties agreed to the Guidelines calculations set forth in the plea agreement as well as agreed to not move for a departure from the Guidelines or a sentence outside the Guidelines.

4. In the defendant's position regarding sentencing filed November 19, 2010, to the extent that the defendant is asking the Court to impose a sentence below the Guidelines range set forth in the plea agreement, the defendant's position violates the terms of ¶14 of the plea agreement. As set forth in ¶14, "A

breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges."  Further, to the extent that the defendant is advocating that the Court violate Rule 11(c)(1)(C) provision of the plea agreement, such a breach, as set forth above, would also relieve the government of its obligation to dismiss the open counts of the Superseding Indictment in this action.

     5.   Should the intent of the defendant's position be to urge the Court to accept the Rule 11(c)(1)(C) provision of the plea agreement, the government does not object to it.  To the extent it is an attempt to circumvent the defendant's agreement with respect to the appropriate sentence of imprisonment in this action, the defendant's position violates the terms of the plea agreement and avails the government of the remedies available to it as set forth in ¶¶13 and 14 of the plea agreement.

    **WHEREFORE**, for all the foregoing, it is submitted that the Court should disregard the defendant's position regarding

sentencing insofar as it urges the Court to not accept the Rule 11(c)(1)(C) provision of the plea agreement.

DATED:  Buffalo, New York, November 19, 2010.

        Respectfully submitted,

        WILLIAM J. HOCHUL, JR.
        United States Attorney


BY:  s/JOSEPH M. GUERRA III
     Assistant U.S. Attorney
     U.S. Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York  14202
     716/843-5824
     Joseph.M.Guerra@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.          08-CR-254-S

JAVAUGHAN PARKER,

      Defendant.

---

### CERTIFICATE OF SERVICE

  I hereby certify that on November 19, 2010, I electronically filed the foregoing **RESPONSE TO DEFENDANT'S POSITION REGARDING SENTENCING** (Docket Item 68) with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

George H. Sallaway, Esq.

                  s/KAREN S. BARONE